UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DAVID HARDY,

                Plaintiff,                      Case No. 2:12-cv-317

v.                                         Honorable R. Allan Edgar

UNKNOWN MCKECHNIE,

                Defendants.
_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without payment of an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.    Factual allegations

Plaintiff David Hardy, a prisoner currently confined to the Kinross Correctional Facility (KCF), filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown McKechnie, Assistant Resident Unit Supervisor C. Cook, Hearing Officer Unknown Fountain, Hearing Officer Unknown Davis, and Warden Duncan MacLaren.  In his complaint, Plaintiff alleges that he arrived at KCF on January 9, 2012, at which time his personal property, which consisted of 32 books, were unjustly confiscated.   In addition, Defendant McKechnie wrote a minor misconduct report on Plaintiff for possession of contraband. (Docket #1-1, p. 8 of 18.)

Defendants Fountain and Davis conducted a hearing on the matter, and noted that Plaintiff claimed that he had the books for over three years and that he also had the paperwork to show that he owned the books.   Defendants Fountain and Davis found Plaintiff guilty of the misconduct, noting:

> The books are clearly altered and damaged with ink pens to hide the original numbers.   Per 04.07.112, damaged, altered property is contraband.

(Docket #1-1, p. 11 of 18.)

Plaintiff filed an appeal of the misconduct conviction.  In the response to the appeal, Deputy Warden Kathy Olson stated:

> You were issued a misconduct on 1/9/12 for contraband property.  A hearing was held on 1/23/12 stating that the books in question were clearly altered and damaged with ink pens to hide the original numbers.  In accordance with PD 04.07.112 any item which has been altered from its original state is deemed contraband.  As the books

> had pages removed and had ink markings on them, there [sic] are deemed altered. The books will be held for a set time to allow you time to send them out of the facility at your expense or have someone pick them up. After that time has expired, they will be deemed abandoned and disposed of.

(Docket #1-1, p. 12 of 18.)

Plaintiff subsequently filed a grievance, asserting that he believed that the books were taken for racial reasons because they were "African American" in nature. Plaintiff's grievance was denied at step I and he filed an appeal. At step II, Defendant MacLaren noted:

> At Step I the respondent states that, at the interview, the grievant only talked about whether or not the books were contraband per PD 04.07.112. Respondent states that this has already been resolved in the appeal process of a minor misconduct written on 1/9/12. Respondent states that Deputy Olson reviewed the appeal and property and upheld that hearing, denying the appeal. Respondent states that at no time did the grievant mention that he felt the books were taken due to racial reasons. Grievance denied at step I due to lack of merit.

> At Step II the Step I response is supported. PD 04.07.112, Prisoner Personal Property, paragraph GG, states, "If an item is believed to be contraband, it shall be confiscated and a Contraband Removal Record (CSJ-284) issued to the prisoner. The prisoner also shall be issued either a misconduct report as set forth in PD 03.03.105 'Prisoner Discipline' or a Notice of Intent to Conduct an Administrative Hearing (CSJ-282) . . . .". When grievant arrived at KCF on 1/9/12, several books were confiscated and deemed to be contraband. A class III misconduct was issued. The hearing was held, the hearing officer found the books to be contraband and not allowed into the facility. Grievant filed an appeal. The appeal upheld the hearing officer's decision. Grievant filed the step I grievance stating he felt the books were taken for racial reasons, however, at the step I grievance interview, grievant only talked about whether the books were contraband or not and at no time did he tell the respondent that he felt the confiscation of the books was racial. PD 03.02.130 states, "Grievances that raise the following non-grievable issues shall also be rejected: Decisions made in minor misconduct hearings, including

-3-

property disposition."  There appears to be no violation of policy or
procedure by staff in the handling of grievant's property.

(Docket #1-1, p. 17 of 18.)

Plaintiff claims that the decision to confiscate his property as contraband violated

MDOC Policy Directives, as well as the First and Fourteenth Amendments.  Plaintiff seeks damages

and equitable relief.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").  The court must determine whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.

Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for

more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more

than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that

the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also*

-4-

*Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case.  Plaintiff has not alleged that state post-deprivation remedies are inadequate.  Moreover, numerous state post-deprivation remedies are available to him.  First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation.  MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004).  Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board.  MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B.  Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies."  MICH. COMP. LAWS § 600.6419(1)(a).  The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property.  *See Copeland*, 57 F.3d at 480.  Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.  Accordingly, Plaintiff's due process claims will be dismissed.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals.  *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976).  To establish a violation of the Equal Protection Clause, an inmate must show that the defendants purposefully discriminated against him.  Village of Arlington Heights v. Metropolitan

Hous. Dev. Corp., 429 U.S. 252, 265 (1977). Such discriminatory purpose must be a motivating factor in the actions of the defendants. Id. at 265-66.

As noted above, Plaintiff claims that Defendants falsely asserted that his books were contraband because they were concerned with African American issues. However, it is clear from the misconduct hearing report that the books were altered and damaged with ink pens to hide the original numbers. Other than Plaintiff's own conclusory assertion, there is no indication that the confiscation of Plaintiff's books was motivated by the desire to discriminate against Plaintiff. Therefore, Plaintiff's equal protection claims are properly dismissed.

Finally, Plaintiff claims that the confiscation of his books as contraband violated his rights under the First Amendment. Prisoners possess the right of free speech under the First Amendment, including the right to reading material. However, these rights may be subject to restrictions and limitations. *Bell v. Wolfish*, 441 U.S. 520, 545-548 (1978). A prison regulation which restricts an inmate's access to publications is constitutionally valid if it is reasonably related to a legitimate penological interest. *Ward v. Washtenaw County Sheriff's Department*, 881 F.2d 325, 328-330 (6th Cir. 1989). *See also*, *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987); *Bell*, 441 U.S. at 550-552.

In this case, Plaintiff's books were determined to be contraband pursuant to PD 04.07.112 because they were altered and damaged with ink pens to hide the original numbers. In accordance with PD 04.07.112 any item which has been altered from its original state is deemed contraband. The court concludes that the prison has a legitimate interest in preventing prisoners for possession contraband. Plaintiff was told that the books would be held for a set time to allow him time to send them out of the facility at his own expense or have someone pick them up. Plaintiff

fails to allege facts showing that the seizure of his books prevented him from exercising his right to read about African American issues. Therefore, the court will dismiss Plaintiff's First Amendment claims.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:        1/24/2013                          /s/ R. Allan Edgar
                                        R. Allan Edgar
                                        United States District Judge

-8-